**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 25-1194**

—————

C.D., in his own capacity; N.D., as attorney-in-fact,

        Plaintiffs – Appellants,

    v.

ARLINGTON SCHOOL BOARD,

        Defendant – Appellee.

----------------------------

COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC.,

        Amicus Supporting Appellant.

—————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:23-cv-01627-LMB-JFA)

—————

Argued: January 27, 2026                Decided: March 2, 2026

—————

Before GREGORY, RICHARDSON, and RUSHING, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

**ARGUED:** Melissa Kaye Waugh, BELKOWITZ LAW, PLLC, Fairfax, Virginia, for Appellants. John F. Cafferky, BLANKINGSHIP & KEITH, PC, Fairfax, Virginia, for Appellee. **ON BRIEF:** Ian J. McElhaney, BLANKINGSHIP & KEITH, PC, Fairfax,

Virginia, for Appellee.     Selene Almazan-Altobelli, COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC., Towson, Maryland, for Amicus Curiae

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

N.D. (Parent) disagreed with the special education her child C.D. (Student) received in Arlington Public Schools. After a due process hearing, a state administrative hearing officer ruled in favor of the school on all issues but one. Parent and Student sued the Arlington School Board under the Individuals with Disabilities Education Act (IDEA), 84 Stat. 175, as amended, 20 U.S.C. § 1400 *et seq.*, and the district court agreed with the hearing officer's conclusions. We affirm.

I.

Student is a graduate of Arlington Public Schools. He was originally determined to be eligible for special education services as a seventh grader in 2018 under the Other Health Impairment (OHI) category of disability, due to his attention deficit hyperactivity disorder. Student received a modest amount of special education support, and he was educated almost entirely in regular curriculum classes.

In April 2021, the spring of Student's tenth-grade year, his special education eligibility was reevaluated pursuant to the IDEA's triennial reevaluation requirement. As part of that reevaluation, the eligibility team reviewed several sources of information about Student's disability testing, Individualized Education Program (IEP) progress, and other performance indicators. The team determined that Student met the special education eligibility criteria under OHI and also under the new designation of Specific Learning Disability. It reached this conclusion while also deciding it was unnecessary to conduct additional testing of Student. Parent agreed with the update to Student's IEP reflecting the team's eligibility determination.

3

Midway through Student's senior year (the 2022–2023 school year), however, Parent expressed concern that additional testing had not been performed during the April 2021 evaluation. Parent requested an updated evaluation, which the school district denied. Then, in January 2023, Parent's counsel wrote the school district expressing disagreement with the April 2021 evaluation and requesting an Independent Educational Evaluation (IEE) at public expense. Although the school district initially denied that request, it later agreed to authorize psychoeducational and speech-language IEEs. Before Student's IEEs were conducted, Student's final IEP was developed in March 2023.

On April 7, 2023, Parent requested a due process hearing pursuant to the IDEA's dispute resolution procedures. She alleged that (1) the April 2021 IEP failed to assess Student in all areas of suspected disability; (2) the school district denied Student a free appropriate public education (FAPE) during the 2021–2022 and 2022–2023 school years; (3) the school district denied Student a FAPE by denying Parent's December 2022 request that Student be reevaluated; and (4) the school district denied Student a FAPE by failing to provide an IEE at public expense.

The hearing officer conducted a six-day hearing in which he heard the testimony of 28 witnesses. In a 49-page decision, he resolved all issues relevant to this appeal in favor of the school district.

Regarding the first issue—whether the April 2021 IEP failed to assess Student in all areas of suspected disability because school officials did not conduct additional testing— the hearing officer found that Parent did not meet her burden of persuasion. The hearing officer credited testimony from the school district's psychologist, who opined that there

4

was no need for additional data for the April 2021 triennial reevaluation. Specifically, the hearing officer found the testimony of the school psychologist more persuasive than contrary testimony from Parent's private psychologist because (1) unlike the private psychologist, the school psychologist had participated in thousands of meetings to assess special education eligibility and whether additional testing was necessary, and (2) unlike the private psychologist, the school psychologist attended the April 2021 reevaluation planning meeting for Student and heard first-hand from Student's teachers. The hearing officer also noted that Parent did not request additional testing at the time of the April 2021 IEP.[1]

As for the second issue—whether the school district denied Student a FAPE during the 2021–2022 and 2022–2023 school years—the hearing officer found that Parent largely failed to meet her burden of persuasion. Rejecting Parent's procedural arguments, the hearing officer found that the IEP teams did not rely on outdated assessments and Student's IEPs were sufficiently clear. The hearing officer also found Parent failed to prove the IEPs were substantively inappropriate because she did not present an expert to counter the school district's expert on this point and because Student achieved passing grades in all but one high school course, most of his grades were As and Bs, he advanced from grade to grade with his classmates, and he graduated on schedule with a standard diploma.[2]

---

[1] The hearing officer also found, in the alternative, that Parent was estopped from challenging the April 2021 reevaluation.

[2] The hearing officer found in Parent's favor on one claim, specifically that Student was shorted about 35 hours of promised services during the 2021–2022 school year. The parties settled this claim, so it is not before us on appeal.

5

The hearing officer also found for the school district on the third issue—whether the school district denied Student a FAPE by denying Parent's December 2022 request that Student be reevaluated. He found that the school district's initial refusal of Parent's request for a reevaluation amounted to a procedural violation of the IDEA. But that violation did not cause a substantive denial of a FAPE because even if the evaluation had been done in the normal course, it would have been completed with only a few weeks remaining before Student graduated.

Finally, the hearing officer found that Parent's fourth issue—whether the school district denied Student a FAPE by failing to provide an IEE at public expense—was moot because Student was assessed by independent evaluators at public expense in May and June 2023.

Following the hearing officer's decision, Parent and Student filed a complaint in federal district court seeking review of the hearing officer's decision. The parties each moved for judgment on the administrative record, and the district court ruled in favor of the school district.

## II.

We conduct a modified de novo review in IDEA cases, applying the same standards as the district court and affording "due weight" to the state administrative proceedings. *MM ex rel. DM v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 530–531 (4th Cir. 2002) (internal quotation marks omitted). "To afford 'due weight,' we treat the state hearing officer's factual findings and credibility determinations as '*prima facie* correct, akin to the traditional sense of permitting a result to be based on such fact-finding,' so long as the

6

findings were 'regularly made.'" *G.M. ex rel. E.P. v. Barnes*, 114 F.4th 323, 334 (4th Cir. 2024) (quoting *Doyle v. Arlington Cnty. Sch. Bd.*, 953 F.2d 100, 105 (4th Cir. 1991)).

Findings are regularly made if the hearing officer "conducted a proper hearing, allowing the parents and the School Board to present evidence and make arguments, and the hearing officer by all indications resolved the factual questions in the normal way, without flipping a coin, throwing a dart, or otherwise abdicating his responsibility to decide the case." *J.P. ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty.*, 516 F.3d 254, 259 (4th Cir. 2008). Unless the hearing officer employs a process that is "far from the accepted norm of a fact-finding process," *id.* (internal quotation marks omitted), we can rely on those findings when making our independent decision based on a "preponderance of the evidence," 20 U.S.C. § 1415(i)(2)(C)(iii).

The burden of proof by a preponderance of the evidence is on the party seeking relief. *G.M.*, 114 F.4th at 334. When assessing whether that burden has been met, we remain mindful that we are not entitled to "substitute [our] own notions of sound educational policy for those of local school authorities." *Hartmann ex rel. Hartmann v. Loudoun Cnty. Bd. of Educ.*, 118 F.3d 996, 999 (4th Cir. 1997).

After careful review of the record and the parties' briefs, and after conducting oral argument in this case, we are satisfied that the hearing officer's factual findings were regularly made and thus prima facie correct. Relying on those factual findings, we

7

conclude that Parent has failed to prove the school district denied Student a FAPE in any

respect before us on appeal.[3]  Accordingly, the district court's judgment is

*AFFIRMED*.

---

[3] Unlike the district court and the hearing officer, our decision does not rely on equitable estoppel.